FILED
2019 Dec-06  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVE BUSBY, DANNY WEST, CHRIS TYRA, and JOHN TYRA on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: |
| FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC, and FLOWERS BAKING CO. OF BIRMINGHAM, LLC, | ) ) ) ) ) | _____ |
| | | JURY DEMAND |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, Steve Busby, Danny West, Chris Tyra, and John Tyra, on behalf of themself and other similarly situated individuals, allege the following Complaint against Defendants Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Baking Co. of Birmingham, LLC, pursuant to 29 U.S.C. §201 et seq., the Fair Labor Standards Act (FLSA).

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States.

2.     Defendants are subject to personal jurisdiction in this district as they regularly do business in the State of Alabama.  At all times relevant to this case, Defendants were and have been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

1

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391© as Defendants are a corporation whose contacts with the State of Alabama as alleged above are sufficient to establish personal jurisdiction in Alabama.

## PARTIES

4.     Plaintiff Steve Busby ("Busby") is a resident of the State of Alabama. Busby was employed by Defendants as a Distributor between 2004 and 2017. The services performed by Busby and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

5.     Plaintiff Danny West ("West") is a resident of the State of Alabama. Busby was employed by Defendants as a Distributor between 2013 and 2018. The services performed by West and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

6.     Plaintiff John Tyra is a resident of the State of Alabama. John Tyra was employed by Defendants as a Distributor in 2017. The services performed by John Tyra and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

7.     Plaintiff Chris Tyra is a resident of the State of Alabama.  Chris Tyra was employed by Defendants as a Distributor from 2004-2006 and then again in 2017. The services performed by Chris Tyra and others similarly situated were a necessary and integral part of and essential to Defendants' business needs.

8.     Flowers Foods, Inc. ("Flowers Foods") is a Georgia corporation doing business in Alabama.  Flowers Foods was Plaintiffs' employer as that term is defined under the FLSA.

9.    Flowers Bakeries, LLC ("Flowers Bakeries") is a corporation doing business in the State of Alabama, including the Northern District of Alabama. Flowers Bakeries is an operating subsidiary of Flowers Foods, Inc. Flowers Bakeries, through its subsidiaries, hire individuals, whom it misclassifies as independent contractors, to deliver and stock bakery and snack food products. At all times relevant herein Flowers Bakeries was Plaintiffs' "employer" as that term is defined under the FLSA.

10.    Flowers Baking Co. of Birmingham, LLC ("Flowers Birmingham") is a corporation doing business in the State of Alabama, including the Northern District of Alabama. Flowers Birmingham hires individuals, whom it misclassifies as independent contractors, to deliver and stock bakery and snack food products. At all times relevant herein Flowers Birmingham was Plaintiffs' "employer" as that term is defined under the FLSA.

11.    Flowers Foods, Flowers Bakeries and Flowers Birmingham are hereafter referred to collectively as "Defendants" or "Flowers." These Defendants are Plaintiffs' and others similarly situated individuals' joint employers and/or an integrated enterprise.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

12.    Plaintiffs and other similarly situated individuals were classified by Defendants as a Distributors. Plaintiffs and others similarly situated delivered and stocked bakery and snack food products manufactured or sold by Defendants. Plaintiffs and others similarly situated operated out of distribution centers run by Defendant Flowers Birmingham.

13.    Flowers Birmingham is a subsidiary of Flowers Bakeries and Flowers Foods.  Defendants have multiple warehouses located in Alabama and Mississippi from which Distributors pick up Defendants' products for distribution to customers.  Flowers Birmingham oversees distribution of Defendants' product in parts of Alabama and Mississippi.

14.    The Plaintiffs and others similarly situated were "employees" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the statutory time limits of this case.

15.    Plaintiffs and other similarly situated individuals regularly worked in excess of 50 hours per week and did not receive overtime compensation for hours worked in excess of 40 per week.

16.    Defendants improperly classified Plaintiffs and other similarly situated individuals as independent contractors, thereby denying them compensation and benefits provided by the FLSA.

17.    Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

18.    Defendants were an "employer" of the Plaintiffs as defined by §203(d) of the FLSA.

19.    Defendants are joint employers and/or an integrated enterprise.

20.    This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and the collection action provision of the Act found at Section 216(b) for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA

by Defendants which have deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages.

21.    This action is brought to recover unpaid compensation owed to Plaintiffs and all current and former "Distributors" of Defendants working in the geographical area covered by Flowers Birmingham, who are similarly situated to Plaintiffs pursuant to the FLSA. Defendants have had and continue to have a uniform policy and practice of misclassifying its employees as independent contractors and requiring them to work over 40 hours per week without overtime compensation.

22.    The named Plaintiffs, along with current and former employees of Defendants, who were classified as Distributors and working within the geographical area covered by Flowers Birmingham are similarly situated in that they had substantially similar job requirements, pay provisions, and were subject to Defendants' common practice, policy, or plan of controlling their daily job functions.

23.    There are numerous other current and former similarly situated employees of Defendants who were classified as Distributors and performed services in the geographical area covered by Flowers Birmingham and have been improperly compensated in violation of the FLSA.    These individuals would benefit from the issuance of court supervised notice of the present lawsuit and the opportunity to join the present lawsuit.    Those similarly situated employees are known to Defendants and are readily identifiable by virtue of Defendant's payroll and employment records.

24.    Defendants Flowers Foods and Flowers Bakeries, by and through their subsidiary Flowers Birmingham, manufactures, sells, and distributes bakery and snack products to retail customers using a centralized network of communication, distribution and warehouse facilities.

25.    Distributors, such as Plaintiffs and others similarly situated, reported to a warehouse, loaded Defendants' product, delivered and stocked Defendants' product at Defendants' retail customers.

26.    Flowers Birmingham, through its management employees including Branch Sales Managers and warehouse supervisors determined the routes Distributors drive, type and qualities of goods delivered, prices at which the goods would be sold to retailers, and the retailers who are serviced within Distributors' route.

27.    Distributors ability to generate new business or increase profits was either limited or non-existent due to the degree of control that Defendants exercised over Distributors' activities.

28.    Plaintiffs and others similarly situated were required to work exclusively for Defendants and to distribute only Defendants' product.

29.    Defendants exercised substantial or complete control over Plaintiffs' and others similarly situated delivery schedules, routes, product types, product prices, product quantities, displays and shelf space.

30.    Defendants marketed their bakery and snack products to retailers, including grocery stores, convenience stores, and restaurants. Defendants negotiated with the retailers to set virtually all terms of the relationship including:

a.    wholesale and retail prices for products;

b.    service and delivery agreements;

c.    shelf space to display products;

d.    product selection;

e.    promotional pricing for products;

f.    marketing and promotional materials for products;

g.    print advertisements in retailers' newspaper ads;

h.    dates of delivery;

I.    what product is to be picked up and delivered;

j.    locations for delivery and servicing;

k.    ability to change orders placed by Plaintiffs; and

l.    right to discipline Plaintiffs.

31.    Defendants negotiated and agreed with certain retailers and fast food restaurants to manufacture and distribute the retailer's store brand (or private label) bread products.

32.    Defendants negotiated the above terms for fresh-baked bread and snack products (which were distributed by Plaintiffs and members of the collective classes) at the same time as it negotiated terms for its shelf-stable snack products (which were not distributed by Plaintiffs). The result was that Distributors' job duties and ability to earn income was tied directly to the sale and promotion of products outside of their control.

33.     Plaintiffs and others similarly situated were required to strictly follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and the retailer-customers.

34.     Distributors placed Defendants' products on the retailer-customer's shelves, removed stale or rejected product, and organized the retailer-customer's display shelf. If Defendants were running a sale or promotion, the Distributor also constructed and stocked the promotional display.  Distributors did not control or negotiate with the retailer shelf space, product cost or sales, or promotional costs and materials.  Each of these was controlled by Defendants.

35.     Defendants represented to Plaintiffs and other Distributers that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

36.     Contrary to its representations, Defendants denied Plaintiffs and other Distributors benefits of ownership and entrepreneurial skill by retaining and exercising the control over key aspects of the job as set forth herein.

37.     Plaintiffs and all others similarly situated were/are required to accept Defendants' conditions of employment or face termination.

38.     Defendants routinely modified a Distributor's product orders to increase the amount of the order. If a Distributor refused the additional product, Defendants billed the Distributor for the product and deducted the cost from the Distributor's wages.

39.     Defendants required the Distributors to process all transactions through a hand-held computer it provided to them. The hand held computer

controls the product prices, maintains customer information, tracks mileage, and monitors business performance.

40.     Defendants controlled the Plaintiffs' and other similarly situated individuals' opportunities for profit or loss both by controlling wholesale pricing and negotiating retail pricing. Specifically, Defendants negotiated the sale of its products with major retailers. Plaintiffs then delivered the products to store locations per the agreement between Defendants and the retailer. Plaintiffs lacked discretion as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work.

41.     Distributors' investment in equipment to operate their route was relatively low. Defendants provided computer equipment administrative support, warehouse space, advertisements, promotional materials, bakery trays, and virtually every other business necessity. Defendants arranged for insurance and vehicle (bread truck) financing on behalf of Distributors and Distributors paid Defendants for the insurance and vehicle financing through wage deductions.

42.     Distributors also used their personal, non-bread truck vehicles to transport Defendants' products to retailers and complete tasks required by Defendants multiple times a week.

43.     The distribution job performed by Plaintiffs and similarly situated individuals did not require specialized skills.

44.     Because they were misclassified as non-employees, Plaintiffs and

others were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

45.     During the relevant time period, Plaintiffs worked in excess of 40 hours every week of the year. Plaintiffs are aware of other Distributors who worked similar hours per week as they did.

46.     Defendants policies, procedures, contracts and practices are uniform and applied to all Plaintiffs and those similarly situated.

47.     Defendants regularly permitted and required the named Plaintiffs and others similarly situated to work more than 40 hours per week without overtime compensation.

48.     Defendants knew that the named Plaintiffs and all similarly situated individuals performed work that required overtime pay.

49.     Defendants, therefore, operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all time worked.

50.     Defendants' conduct was willful and has caused significant damages to the named Plaintiffs and all similarly situated individuals.

51.     Defendants have intentionally failed and/or refused to compensate Plaintiffs and others similarly situated according to the provisions of the FLSA.

52.     Defendants have been aware of the requirements of the FLSA and of the Plaintiffs' actual status as employees. Despite this knowledge, Defendants have failed to pay Plaintiffs others similarly situated the mandatory lawful overtime compensation.

53.    Defendants have not made a good faith effort to comply with the FLSA.

## COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

54.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

55.    Section 206(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

56.    There are no exemptions applicable to Plaintiffs or others who are similarly situated.

57.    For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the portions of United States in which Defendants conduct business.

58.    Plaintiffs and other similarly situated individuals regularly worked more than 40 hours per week, but did not receive overtime pay.

59.    The services performed by Plaintiffs were a necessary and integral part of and directly essential to Defendants' business strategy.

60.    Plaintiffs and other similarly situated individuals are employees under the FLSA and Defendants have intentionally misclassified them as independent contractors.

61.    In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to Plaintiffs and other similarly situated individuals.

62.    Defendants have not made a good faith effort to comply with the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, and on behalf of other similarly situated Distributors, pursuant to §216(b) of the FLSA, seek the following relief:

a.    An Order allowing this action to proceed as a Collective Action under the FLSA and directing notice to any and all similarly situated employees;

b.    An Order for declaratory and injunctive relief designating the Plaintiffs and those individuals similarly situated as employees and enjoining Defendants from pursuing illegal policies, acts, and practices described in this complaint;

c.    Judgment declaring the Defendants' conduct as willful and not in good faith;

d.    Judgment awarding Plaintiffs and others similarly situated all unpaid compensation and benefits, including overtime wages, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b) and/or pre-judgment interest.

e.    Plaintiffs' reasonable attorneys' fees, including costs and expenses of this action; and

f.      Such other legal and equitable relief to which they may be entitled and

Plaintiffs further demand a trial by struck jury on all issues related to this case.


                              Respectfully submitted,

                               */s/ Rocco Calamusa, Jr.*
                              Rocco Calamusa, Jr. (ASB-5324-A61R)
                              Kevin W. Jent
                              WIGGINS, CHILDS, PANTAZIS,
                                FISHER & GOLDFARB, LLC
                              301 19th Street North
                              Birmingham, Alabama 35203
                              Telephone: (205) 314-0500
                              Facsimile: (205) 314-0545
                              rcalamusa@wigginschilds.com
                              kjent@wigginschilds.com

                              COUNSEL FOR PLAINTIFFS



PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES
TRIABLE TO A JURY.



                              */s/ Rocco Calamusa, Jr.*
                              OF COUNSEL



Plaintiffs request this Honorable Court to serve via certified mail upon the
defendants the following: Summons, Complaint.

DEFENDANTS' ADDRESSES:

Flowers Foods, Inc.
c/o Corporation Service Company, Reg. Agent
40 Technology Parkway South, Ste. 300
Norcross, GA 30092

Flowers Bakeries, LLC
c/o Corporation Service Company, Reg. Agent
40 Technology Parkway South, Ste. 300
Norcross, GA 30092

Flowers Baking Co. of Birmingham, LLC
c/o Corporation Service Company, Reg. Agent
641 South Lawrence Street
Montgomery, AL 36104


*/s/ Rocco Calamusa, Jr.*
OF COUNSEL